UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| CHARLES P. FRICK, | ) | CASE NO. C06-0104-JLR |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| DAREN SWENSON, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## INTRODUCTION

Petitioner has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Respondent has filed an answer, raising the statute of limitations as a bar to the court's consideration of petitioner's petition. Petitioner has not filed a response to respondent's answer. Because respondent is correct in his argument, petitioner's petition should be dismissed as untimely pursuant to 28 U.S.C. § 2244(d).

## PROCEDURAL HISTORY

Petitioner pled guilty in 1983 to several counts of rape and was sentenced, under the indeterminate sentencing scheme then in effect, to a potential maximum term of life imprisonment.

REPORT AND RECOMMENDATION
PAGE -1

01 (Doc. #11, Ex. 1). Petitioner's sentence was originally suspended but, after violating terms of his

02 probation, petitioner was sentenced in 1984 to prison for a period of life with possibility of parole.

03 (*Id.*, Ex. 2). Petitioner did not file a direct appeal.

04 In 1994, petitioner had his first hearing to determine whether he was suitable for parole.

05 (*Id.*, Ex. 7). He was denied parole primarily because he had refused to participate in programs

06 designed to treat sexual deviancy. (*Id.*) In 1997, after another parole hearing, he was again denied

07 parole for similar reasons. (Doc. #11, Ex. 8). Petitioner's minimum sentence was increased by

08 120 months. (*Id.*) Most recently, in 2005, petitioner was found again not to be parolable and his

09 sentence was increased by 60 months. (*Id.*, Ex. 9).

10 In December, 2004, petitioner filed a post-conviction challenge to his sentence ("personal

11 restraint petition or PRP") in Washington state court. (*Id.*, Ex. 10). The Washington Court of

12 Appeals denied the petition. (*Id.*, Ex. 13). Petitioner then sought review by the Washington

13 Supreme Court and the court denied review. (*Id.*, Ex. 17).

14 On January 27, 2006, petitioner filed the instant petition under 28 U.S.C. § 2254. (Doc.

15 #4). On March 16, 2006, respondent filed his answer to the petition, along with the state court

16 record. (Doc. #9, #11). Petitioner has not filed a response, and the matter is now ready for

17 review.

18 DISCUSSION

19 In his § 2254 motion, petitioner raises two grounds for relief. First, petitioner contends

20 that he "is being unlawfully restrained in excess of the sentence imposed by the trial court . . ."

21 (Doc. #4 at 2). Second, petitioner contends that the State breached his plea agreement. (*Id.* at

22 3). However, the court need not address the merits of these claims because petitioner's habeas

petition is barred by the federal statute of limitations.

Petitions filed pursuant to 28 U.S.C. § 2254 are governed by the one-year statute of limitations provided in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See* 28 U.S.C § 2244(d). When, as here, a conviction becomes final before the effective date of AEDPA, which was April 24, 1996, the petitioner has until one year after that date, or until April 23, 1997, to file a federal habeas petition. *See Miles v. Prunty*, 187 F.3d 1104, 1105 (9th Cir. 1999).

Petitioner did not file the instant petition until 2006, well beyond the 1997 deadline imposed by AEDPA. Although under AEDPA a properly filed petition for postconviction relief tolls the statute of limitations, here, petitioner did not seek such relief until 2004, when he filed his PRP in state court. (Doc. #11, Ex. 10). By that time, the deadline for filing a federal petition had already passed.

Petitioner did not file a response to respondent's answer and thus does not offer any counterargument that his petition here is timely. However, in his answer, respondent attributes to petitioner a counterargument that the petition is timely under 28 U.S.C. § 2244(d)(1)(D). (Doc. #9 at 11). According to this counterargument, the petition is timely because the "factual predicate" of the claim is that petitioner's sentence exceeded what he considers to be the maximum term, 20 years imprisonment, and this factual predicate did not become apparent until petitioner had *actually* served the 20 years, which occurred in October 2002. (*Id.*) Therefore, under this theory, the statute of limitations did not begin to run until October 2002.

Petitioner's counterargument is unavailing for several reasons. First, the court notes that petitioner did not raise this argument here. The document cited by respondent as the source for

REPORT AND RECOMMENDATION
PAGE -3

this counterargument is petitioner's reply to the parole board's response to his PRP in state court. (Doc. #11, Ex. 12). In addition, petitioner's reply does not appear to even make the argument described by respondent. (*Id*. at 3). Second, even if petitioner did argue that his petition was timely on this basis, the argument would fail because it is clear from the record that (a) the factual predicate of the claim was apparent when the parole board extended petitioner's sentence beyond 20 years in 1997 (Doc. #11, Ex. 8); and (b) even if the statute of limitations did not start to run until October 2002, the one-year period would have expired in October 2003, more than two years before petitioner filed the instant habeas petition. Thus, even under the scenario purportedly depicted by petitioner, the petition would still be time-barred.[1]

## CONCLUSION

For the foregoing reasons, petitioner's petition under 28 U.S.C. § 2254 is barred by the applicable statute of limitations and should be dismissed. A proposed Order is attached.

DATED this 28th day of April, 2006.

Mary Alice Theiler
United States Magistrate Judge

---

[1] Respondent argues that in addition to the statute of limitations bar, the petition is also barred by procedural default because petitioner failed to exhaust his claims in state court. (Doc. #9 at 11). However, the court need not address this alternative argument in light of the conclusion reached above regarding the timeliness of the petition.